## LAKEWOOD (city) v FARREN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16490.   Decided March 21, 1938

R. G. Curran, Cleveland, for plaintiff-appellee.

A. J. McCormick, for defendant-appellant.

## OPINION

PER CURIAM

Plaintiff filed a petition asking injunction against defendant from using her property as a school. This property consisted of a single family residence on Grace Avenue in the City of Lakewood. Under a certain zoning ordinance then in effect the territory where this home is situated was zoned for residence purposes only.

Plaintiff claims that the defendant was violating the terms and conditions of the zoning ordinance in that she had and was conducting a schoool in her hme.

The facts show that the defendant had received into her home on several days a week a number of children of the ages of three and four years. The children numbered between eight and twelve who visited the defendant's home. Some of them were brought there by their parents and others were brought there and returned to their respective homes by the defendant in her automobile.

While at the defendant's home, the children engaged in amusing themselves by the playing of certain games and the singing of some nursery rhymes, all under the supervision of the defendant. The games included playing with building blocks and cutting pictures from papers and magazines, —and such things as children of that age usually do to amuse themselves. These children usually stayed at the home of the

defendant for about two hours in the morning. Some days she would take them altogether to a park and play games in the park upon the lawns. Sometimes the parents of these children would accompany them to the park.

The evidence further disclosed that the children never played in the yard at the defendant's home and that there was no annoyance to any of the neighbors by their presence or activities.

For the care and supervision of these children the defendant received compensation from the parents.

Plaintiff bases its action for injunction upon the claim that defendant violated the zoning ordinance and that she conducted a school building in a residence neighborhood.

Our consideration of the evidence in this case fails to lead us to the conclusion that defendant conducted a school ▮▮▮▮▮▮ within the purview of the statutes of the State of Ohio, or the said zoning ordinance as set up in the plaintiff's petition.

Defendant, with her family, lived in this house and used it as her home. The mere incidental use by the defendant of some part of the home to entertain and amuse these children who were of the ages of three and four years, is not sufficient to change the character of the building as a home, thereby placing it in the classification of buildings used for commercial purposes.

Outside of this conclusion just stated if there could possibly be found any violation of the said zoning ordinance by defendant, it was, at most, a mere technical violation and we would not feel that a court of equity should be called upon by injunction to restrain the defendant in such use of her home.

We do not intend to convey the impression that we feel this zoning ordinance is unconstitutional, and should not be enforced, but we do feel that this case is not one where the court should be called upon by injunction to enforce the letter of the said zoning ordinance.

Plaintiff also prays for a declaratory judgment seeking to restrain the defendant from driving her automobile in conveying said children to and from her home without having a chauffeur's license. This subject is not one for the application of the declaratory judgment law. Decree will be entered for defendant. Exceptions.

LEVINE, PJ, TERRELL and LIEGHLEY, JJ, concur.